**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES—GENERAL**

Case No. 5:26-cv-00209-FLA-KES                                    Date: January 27, 2026

Title: RAHUL RAHUL v. WARDEN, ADELANTO ICE PROCESSING CENTER, et al.

PRESENT:

THE HONORABLE KAREN E. SCOTT, U.S. MAGISTRATE JUDGE

| K. Hopkins for Jazmin Dorado | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PETITIONER: | ATTORNEYS PRESENT FOR RESPONDENTS: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**        **Order Requiring Respondents to Show Cause Why They Should Not Be Held in Contempt for Violating a Court Order**

**I.      BACKGROUND**

On January 15, 2026, Rahul Rahul ("Petitioner") filed a counseled petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition" at Dkt. 1).  The Petition alleges that Petitioner is in the custody of the United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE") in Adelanto, California, and that he was arrested and is being held in violation of the Constitution and laws of the United States.  On January 21, 2026, at the Court's request, Petitioner filed exhibits to the Petition that were inadvertently omitted from the initial filing.  (Dkt. 4, 5.)

On January 22, 2026, the Court ordered Respondents to respond to the Petition and also ordered:

> **To preserve the Court's jurisdiction, Respondents are enjoined from transferring, relocating, or removing Petitioner outside of the Central District of California pending final resolution of this case or further order of the Court.**

(Dkt. 6 at 2) (emphasis in original).

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 5:26-cv-00209-FLA-KES                                    Date: January 27, 2026
                                                                                          Page 2

On January 23, 2026, Petitioner's counsel filed an "Emergency Motion to Enforce Court Order," stating that, as of January 22, 2026, the ICE Online Detainee Locator System indicated that Petitioner had been moved to Florence SPC in Arizona.  (Dkt. 7.)  Counsel admits that the "precise date and time of the transfer are currently unknown" because "ICE does not provide advance notice of transfers to counsel."  (Id. at 2.)

As of the date of this order, the ICE Online Detainee Locator System does indicate that Petitioner is being held at Florence SPC.  See https://locator.ice.gov/odls/#/search (last accessed Jan. 27, 2026).

## II.    LEGAL STANDARD

A magistrate judge's contempt authority is governed by 28 U.S.C. § 636(e).  When a magistrate judge is authorized to hear pre-trial matters pursuant to § 636(b)(1), as in this case, the magistrate judge's contempt authority is defined by § 636(e)(6)(B)(i)-(iii).

Under these provisions, a magistrate judge may investigate whether further contempt proceedings are warranted and, if the magistrate judge so finds, certify such facts to a district judge.  28 U.S.C. § 636(e)(6)(B)(iii); see also Alcalde v. NAC Real Estate Invs. & Assignments, Inc., 580 F. Supp. 2d 969, 971 (C.D. Cal. 2008).  Specifically, upon finding an act constituting a civil contempt:

> [T]he magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified.  The district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge.

28 U.S.C. § 636(e)(6)(B)(iii).  Under this process, the magistrate judge functions to certify the facts and not to issue an order of contempt.  See Bingman v. Ward, 100 F.3d 653, 656-57 (9th Cir. 1996); see also John Hancock Life Ins. Co. (United States of Am.) v. Wu, No. 23-cv-02700, 2025 WL 1343618, at *2, 2025 U.S. Dist. LEXIS 88462, at *4 (N.D. Cal. May 8, 2025) ("A magistrate judge may investigate whether further contempt proceedings are warranted and, if the magistrate judge so finds, certify such facts to a district judge.").

## III.    CONCLUSION

IT IS HEREBY ORDERED that, **within seven (7) days of the date of this Order**, Respondents shall show cause in writing, if any they have, why the Magistrate Judge should not certify the facts set forth in this Order and initiate civil contempt proceedings before the District

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 5:26-cv-00209-FLA-KES                                    Date: January 27, 2026
                                                                              Page 3

Judge.

      Respondents shall also tell the Court Petitioner's location and describe any efforts to return him to the Central District of California.

Initials of Deputy Clerk <u>kh</u>