JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| RAHUL RAHUL, | Case No. 5:26-cv-00209-FLA (KES) |
|---|---|
| Petitioner, | |
| v. | **JUDGMENT ON GROUND TWO OF THE PETITION AND DISMISSAL OF REMAINING GROUNDS ONE AND THREE** |
| WARDEN, *et al.*, | |
| Respondents. | |

On January 15, 2026, Petitioner Rahul Rahul ("Petitioner") filed the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition"). Dkt. 1. In the Petition, Petitioner requests the court: "Issue a Writ of Habeas Corpus ordering Petitioner's immediate release under reasonable conditions of supervision; or Order DHS/ICE to provide a constitutionally adequate custody redetermination hearing within seven (7) days, with the burden on the government[.]" *Id.* at 6 (bold omitted).

On February 4, 2026, the assigned Magistrate Judge issued a Report and Recommendation ("Report"), recommending the court grant Ground 2 of the Petition (Petitioner's claim that he "was entitled to a "constitutionally adequate individualized custody determination' before [United States Immigration and Customs Enforcement] reversed its prior decision to release him on his own recognizance"). Dkt. 13 at 2, 7.

On February 13, 2026, the court accepted the Report, granted Ground 2 of the Petition, ordered Respondents to provide Petitioner with an individualized bond hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), and ordered the parties to file a joint status report addressing: (a) the state of Respondents' compliance with the Order, (b) Petitioner's custodial status, and (c) whether the other grounds alleged in the Petition were moot.  Dkt. 16.

On February 27, 2026, the parties filed a Joint Status Report, stating in relevant part: (1) "On February 20, 2026, Petitioner received an individualized bond hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), in compliance with this [c]ourt's Order"; (2) "[t]o the extent the remaining grounds challenged the lack of a custody determination, those claims are likewise moot in light of the bond hearing that has been conducted"; and (3) "[t]he parties[,] therefore[,] respectfully submit that no further relief is required from this [c]ourt at this time."  Dkt. 18 at 2–3.

Accordingly, pursuant to the court's February 13, 2026 Order Accepting Report and Recommendation of U.S. Magistrate Judge (Dkt. 16), the court's grant of Ground Two of the Petition and Petitioner's request for an individualized bond hearing before a neutral Immigration Judge, and the parties' representation that "no further relief is required from this [c]ourt at this time," the court ENTERS Judgment in Petitioner's favor on Ground Two of the Petition and DISMISSES the remaining Grounds One and Three as moot.

IT IS SO ADJUDGED AND ORDERED.


Dated: April 22, 2026

_____
FERNANDO L. AENLLE-ROCHA
United States District Judge

2